in her lifetime. It follows that the order appealed from is correct, and should be affirmed.

Order affirmed, with $10 costs and disbursements.

---

ELSTER v. VIELE et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1900.)

1. JUSTICES OF THE PEACE—JOINT JUDGMENT—JOINT DEFENDANTS.

　　Where, in an action in a justice's court against three defendants who were joint contractors, the judgment does not comply with Code Civ. Proc. § 3020, providing that in an action against persons jointly indebted, where only part are served with process, judgment must be entered against all, the judgment entered will be reversed on appeal.

2. SAME—JUDGMENT—AMENDMENT ON APPEAL.

　　The appellate court, on appeal from a justice, has no authority to modify a judgment entered against only the defendants served in an action against joint contractors by entering it against all the defendants, under Code Civ. Proc. § 3063, providing that the appellate court may reverse or affirm the judgment of the justice, in whole or in part, and as to any or all parties for error of law or fact.

3. APPEAL—NOTICE—EFFECT.

　　Where in an action against joint contractors a part only were served with process, and the judgment, which was erroneously entered only against those served, was amended by the appellate court without authority, the fact that the notice of appeal purported to have been taken by all the defendants does not justify the judgment of the appellate court, since it will be deemed to have been taken simply in behalf of those against whom the judgment was entered.

Appeal from Cortland county court.

Action by Wellington Elster against John J. Viele and another, impleaded with Miles D. Goodyear. From a judgment for plaintiff, defendants Viele appeal. Reversed.

The action was brought by plaintiff to recover for services rendered the defendants in the construction of the Peck Memorial Building at Marathon, N. Y., in the years 1894 and 1895. The defendants were joint contractors for the construction of said building. The defendant Goodyear was not served. The defense interposed by defendants Viele was that plaintiff's contract was made with one Lewis Viele, and not with the defendants. Upon that issue the plaintiff was successful, and judgment was entered in his favor against the defendants Viele. From that judgment the defendants appealed to the county court. The county court amended that judgment by making it in form against the defendant Goodyear as well as against the defendants Viele, and as thus amended the judgment was affirmed. From this judgment of the county court an appeal has been taken to this court.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

William D. Tuttle, for appellants.
Bouton & Champlin, for respondent.

SMITH, J. The failure to enter the judgment against Goodyear as well as against the Vieles seems to have been an error which was substantial. Nelson v. Bostwick, 5 Hill, 41; Code Civ. Proc. § 3020. This was recognized as error by the learned county judge who directed this judgment. But he sought to avoid the same by amending the judgment so as to make it in form against Goodyear as well as against the defendants Viele. For this action of the county court

we can find no authority. By section 3063 of the Code of Civil Procedure the county court has authority to affirm or reverse the judgment in whole or in part, and as to any or all of the parties. No authority, however, is anywhere conferred to modify the judgment, or to make perfect by amendment a judgment which below was imperfect. The respondent seeks to justify the judgment of the county court upon the ground that the notice of appeal purports to have been taken by all of the defendants. But that notice must be read in connection with the judgment from which the appeal is taken, and, inasmuch as that judgment is fairly identified by the notice of appeal, it will be deemed to have been taken simply in behalf of those against whom the judgment was entered. However, even if Goodyear had himself appealed from the judgment, it could not estop the defendants Viele from questioning the judgment which was prejudicial to them, nor, in our judgment, could it give the right to the county court to exercise an authority in amending the judgment which is not found in the statute. We see no alternative, therefore, other than to reverse the judgment of the county court and also that of the justice's court.

Judgment of the county court and of the justice's court reversed, with costs in all courts. All concur.