(51 Misc. Rep. 552.)

### HINDES v. MILLS.

(Supreme Court, Special Term, Fulton County. October, 1906.)

JUSTICES OF THE PEACE—APPEAL—MODIFICATION OF JUDGMENT.

Where summons in an action before a justice was accompanied by an attachment, and was personally served on defendant, who moved to vacate the attachment, and on denial thereof appeared generally, and judgment was rendered against him for money only, it will be affirmed on appeal, though the attachment was erroneous, and defendant appeals from that part of the order denying his motion to vacate the same, as under Code Civ. Proc. § 3063, the Appellate Court is limited to affirming or reversing the judgment in whole or in part, and has no power to modify the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Justices of the Peace, §§ 728–730.]

Appeal from Justice Court.

Action by Carrie Hindes against Albert E. Mills. Judgment for plaintiff, and defendant appeals. Affirmed.

Horton D. Wright, for appellant.

Majendie Johnston, for respondent.

SPENCER, J. This is an appeal to the Fulton County Court from a judgment of a justice's court. The county judge being disqualified, certification has been made to this court. A new trial is not demanded.

From the return of the justice it appears that the action was brought to recover for goods sold. The summons was personally served upon the defendant. It was accompanied by a warrant of attachment, by virtue of which certain chattels were seized and held to await the result of the action. On the return day the defendant appeared specially and moved that the attachment be vacated. This was denied. Thereupon the defendant made answer to the complaint. The issue was tried and judgment rendered for the plaintiff for $84.23. An execution was thereupon issued and returned satisfied.

Although the statute does not require the notice to specify the grounds of appeal, the appellant has set forth in his notice that he appeals from so much and that part of the order and judgment denying his motion to vacate the attachment. The appeal may be from the judgment only. There is no appeal from orders of justices except in certain instances specifically mentioned in the statute, and this is not one of those. Nichols, Practice, § 2905. Consequently the errors that may be regarded are only those which in some way affect the judgment. The jurisdiction of the Appellate Court is limited to affirming or reversing the judgment in whole or in part. Code Civ. Proc. § 3063. It has no power to modify a judgment or award a different one from that awarded by the court below, except in so far as an affirmance or reversal in whole or in part accomplishes such a result. Elster v. Goodyear, 55 App. Div. 190, 66 N. Y. Supp. 951.

I have examined the proceedings taken before the justice, which resulted in the judgment, and find no error therein. The judgment is in proper form and the proceedings regular. Indeed, the appellant makes no contention that the judgment is wrong. At most, his contention is that it should be modified so as to declare the attachment va-

cated. I have examined the affidavits upon which the justice issued the attachment, and am of the opinion that they are insufficient and that the justice erred in not granting the defendant's motion to vacate. But it is not an error requiring a reversal of the judgment. Where the summons has been personally served on the defendant, or he has appeared generally, or is liable jointly with one who has been so served or has so appeared, the erroneous granting or upholding of an attachment will not invalidate the proceedings and the court may continue the same to judgment. Code Civ. Proc. §§ 2916–2918. Therefore, if in such an action a valid judgment is obtained against the defendant, the erroneous attachment is superseded by the judgment. McNeary v. Chase, 30 Hun, 491; Bump v. Daheny (Sup.) 12 N. Y. Supp. 901; Rosenthal v. Grouse, 7 Civ. Proc. R. 135. The judgment in this case is, therefore, regular and valid, being upon personal service of the summons, and upon the authority of the cases cited must be affirmed.

We now come to the question whether the court should affirm the judgment without qualification or with a provision that the attachment be deemed vacated. In McNeary v. Chase, supra, this subject is mentioned, but not discussed or examined; the court remarking that it was unimportant. The court, however, affirmed the judgment without qualification. In Bump v. Daheny, supra, the County Court affirmed the judgment of the Justice's Court; but, on appeal, the General Term of this court modified by inserting a declaration that the attachment be declared vacated. Were it not for this action of the Supreme Court in that case in practically overruling the County Court in order to adjudicate as to the validity of the attachment, this branch of the present appeal might be dismissed with the remark that, inasmuch as there is no right of appeal from the order refusing to vacate the attachment, the Appellate Court has no power to adjudicate thereon. Gansevoort Bank v. Altshul, 89 N. Y. St. Rep. 733, 55 N. Y. Supp. 733. I am inclined to the view that such action by the Appellate Court in that case was by inadvertence, without consideration, and influenced by the fact that the Supreme Court has such power on appeals in actions instituted in that court. If it be that the County Court on appeal from Justice's Court has no power to adjudicate, then this court, acting in its place or in review of its decisions, may not do so.

The confusion on this subject has no doubt arisen out of the fact that, in some instances, an attachment erroneously issued or upheld by the justice may be cause for the reversal of a judgment entered in the action, and that, in other instances, it does not constitute such cause. The question as to when one or the other result follows is determined by the question whether the summons in the action was, or was not, personally served, or whether the defendant appeared generally or is liable jointly with one who has been so served or has so appeared. Code Civ. Proc. § 2917. It is very likely that in an action in Justice's Court where an attachment has been erroneously issued and should be vacated, and the defendant has not been personally served or appeared generally, and is not liable jointly with a defendant who has been so served or who has thus appeared, an erroneous refusal on the part of the justice to vacate the attachment will not impart validity to the subsequent proceedings in the action, and that any judgment

entered therein should be reversed. In such a case it is made the duty of the justice to dismiss the action upon vacating the attachment, and he may not retain jurisdiction by erroneously refusing to so vacate.

But that is not this case. Here it never became the duty of the justice to dismiss the action. His error in respect to the attachment did not affect his jurisdiction or the subsequent proceedings on the merits. Such an error must be disregarded by the Appellate Court. Code Civ. Proc. § 3063.

There. is also a practical embarrassment in the way of modifying the judgment as suggested, for the reason that there is nothing in the judgment that admits of modification. The judgment properly does not, and, in fact, could not, adjudicate as to the attachment or the decision of the justice in refusing to vacate the attachment. The judgment is simply for the recovery of a sum of money.

The further rule, that on appeals from judgments errors in granting or upholding attachments do not invalidate the judgments for the reason that attachments are provisional remedies, is in line with the view here taken. Rosenthal v. Grouse, 7 Civ. Proc. R. 135; Id., 1 How. Prac. (N. S.) 447. It follows that the only judgment the Appellate Court may award is one of affirmance.

Judgment of Justice's Court affirmed, with costs.

Judgment affirmed, with costs.